# State *v.* Capitol Brewing & Ice Co.

*Action to Recover License Tax.*

(Decided June 30, 1909.—50 South. 312.)

*License; Brewers; Wholesalers.*—Under subdivision 52, section 4122, Code 1896, as amended by General Acts 1903, p. 209, the defendant having taken out a brewer's license in Montgomery county, may wholesale its product in other counties of the state without taking an additional license therefor.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Suit by the State against the Capitol Brewing & Ice Company, to recover a brewer's license tax. Judgment for defendant, and the State appeals. Affirmed.

ALEXANDER M. GARBER, Attorney, General, and THOMAS W. MARTIN, Assistant Attorney General, for the State. The sale of beer in any other county than Montgomery, although at wholesale, required the taking out of license in such county.—Subd. 13, Acts 1901, p. 2614; subd. 52, Acts 1903, p. 209; 12 A. & E. Ency. of Law, 302; *Reymann Brewing Co. v. Brister,* 179 U. S. 445; see the following cases in reference to the construction of these statutes.—*Scanlin v. Childs,* 33 Wis. 663; *Peitz v. The State,* 68 Wis. 538; *Mayer v. The State,* 83 Wis. 339; *Michels v. The State,* 115 Wis. 143.

COLEMAN, DENT & WEIL, for appellee. Counsel insist in the first place that the license acquired in Montgomery county authorized the defendant to sell its products at wholesale anywhere in the state. They further insist that the evidence does not disclose a sale of lager beer, and therefore, fails to show that the defendant was

engaged in the business of wholesaling lager beer.—*In re Hunter*, 69 N. Y. Supp; *Johnson v. The State*, 66 S. W. 552; *Hansberg v. People*, 60 Am. Rep. 549; see also 9. Gray 136; 91 Ga. 227; 13 R. I. 211.

DENSON, J.—The Capitol Brewing & Ice Company was a corporation organized under the laws of Alabama for the purpose of brewing and selling lager beer. Its brewery was located in the city of Montgomery, where, in 1906 and 1907, it was engaged in brewing beer and selling it at wholesale. For the years named the corporation procured, in Montgomery county, licenses to operate a brewery in Alabama. Subdivision 52 of section 4122 of the Code of 1896, as amended by the revenue act of 1903 (Gen. Acts 1903, p. 209), is as follows: "For wholesale dealers in lager beer, exclusively, $150.00, but any brewery may sell the beer of its own production at wholesale without taking out this license, provided it has paid for a license as a brewery."

The company's contention is that, having taken out a license as a brewery, it was authorized to sell the beer of its own production at wholesale anywhere in Alabama, whether within or without the county in which its plant was located, or that in which its licenses were issued; the concrete case being that the company shipped beer of its own production in large quantities to the Greenville Mills & Ice Company, in Greenville, Butler county, where it would be kept by that concern on ice for the defendant company until orders were received from merchants in Greenville for keg lots, at which times beer would be delivered in keg lots, and in no less quantities. The concern at Greenville would collect the bills and, after retaining 45 cents per keg for storing and handling the beer, remit the money to the defendant company. The ice company would phone the

dealers in Greenville when it had the beer on hand. No license was taken out by the defendant in Butler county.

There can be no doubt that defendant sold the beer at wholesale. We are constrained to sustain its contention, and construe the law as not requiring a license from it in Butler county. The case of *Reymann Brewing Co. v. Brister,* 179 U. S. 445, 21 Sup. Ct. 201, 45 L. Ed. 269, involved the interstate commerce clause of the Constitution, and sheds no light on the question in hand; neither do the Wisconsin cases cited apply to our question.

The judgment of the city court is affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.